UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUTH ARUNIN, CHANTANA UNSRI, KITISAK KARKNINGPRAI, AND CHATCHAI KHAMPHAENG, <br><br> Plaintiffs, <br><br> v. <br><br> OASIS CHICAGO INC. (d/b/a BUTTERFLY SUSHI AND BUTTERFLY THAI RESTAURANT), OASIS U.S.A. INC. (d/b/a BUTTERFLY SUSHI BAR AND THAI CUISINE), OASIS MADISON INC. (d/b/a BUTTERFLY SUSHI BAR AND THAI CUISINE ON MADISON STREET) and APIDECH CHOTSUWAN, individually, <br><br> Defendants. | Case No. 14-06870 <br><br> Judge <br><br> Magistrate Judge <br><br> **Jury Demanded** |

**COMPLAINT**

Ruth Arunin, Chantana Unsri, Kitisak Karkningprai, and Chatchai Khamphaeng (collectively "Plaintiffs"), through their attorneys, for their Complaint against Oasis Chicago Inc. (d/b/a Butterfly Sushi and d/b/a Butterfly Thai Restaurant), Oasis U.S.A. Inc. (d/b/a Butterfly Sushi Bar and Thai Cuisine), Oasis Madison Inc. (d/b/a Butterfly Sushi Bar and Thai Cuisine on Madison Street) and Apidech Chotsuwan, individually (collectively "Defendants" or "Butterfly") state as follows:

**Nature of the Case**

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants': 1) failure to pay Plaintiffs minimum wages for all time worked in violation of the FLSA and the IMWL; 2) failure to pay Plaintiffs overtime wages for all hours worked over forty

(40) in individual workweeks in violation of the FLSA and the IMWL; 3) failure to pay Plaintiffs for all time worked; and 4) practice of taking unauthorized deductions from Plaintiffs' earned wages.

### Jurisdiction and Venue

2.	This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 arising under 29 U.S.C. § 216(b) and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.	Venue is proper in this judicial district as the plaintiffs worked for the defendants in the Northern District of Illinois and the facts and events giving rise to Plaintiffs' claims occurred in this judicial district and as Defendants maintained offices and transacted business within this jurisdiction. §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

### Parties

4.	Plaintiffs Ruth Arunin, Chantana Unsri, Kitisak Karkningprai, and Chatchai Khamphaeng, are former employees of Defendants.

5.	Each plaintiff has resided in the state of Illinois and within this judicial district.

6.	Each plaintiff has been an "employee" of Defendants as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(d), at all relevant times.

7.	Defendants are a joint employer:

   a.	Oasis Chicago Inc., doing business as Butterfly Sushi as well as Butterfly Thai Restaurant;

   b.	Oasis U.S.A. Inc. is doing business as Butterfly Sushi Bar and Thai Cuisine;

   c.	Oasis Madison Inc. is doing business as Butterfly Sushi Bar and Thai Cuisine on Madison Street (collectively "Oasis"); and

   d.	Apidech Chotsuwan, is the owner and president of the three Oasis entities doing business as Butterfly (all four defendants collectively "Butterfly").

  e. Butterfly would assign Plaintiffs to work at any of its three Oasis entity locations, depending on the needs of Butterfly.

8. During the relevant time period, each of the Oasis defendants have:

  a. been a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois;

  b. conducted business within this judicial district;

  c. been an "enterprise engaged in commerce or in the production of good for commerce" within the definitions of §3(r) and §3(s) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§203(r), (s);

  d. employed employees in commerce within the meaning of §§3(b), 3(I), and 3(j) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§203 (b), (I), (j),

  e. jointly been Plaintiffs' "employer," as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 105/3(c).

## Factual Background

9. Upon information and belief, Butterfly targets individuals with limited fluency in English because they are not likely aware of their employment rights and are easily victimized by Butterfly.

10. Upon information and belief, Defendants failed to conspicuously post a notice of employee rights as required under the FLSA and IMWL.

11. Upon information and belief, Defendants failed to inform Plaintiffs of their employee rights under the FLSA and IMWL.

12. Throughout the relevant time period, Butterfly exerted behavioral and financial control over Plaintiffs.

13. Throughout the relevant time period, Butterfly instructed and trained Plaintiffs on how to provide wait staff and driver services and dictated the smallest details of Plaintiffs' job performance.

3

14. Throughout the relevant time period, Plaintiffs performed services exclusively for Butterfly's clients.

15. Butterfly hired each plaintiff as follows:

   a. Around February 2013, Defendants hired Mr. Arunin as a delivery driver, delivering food orders to customers.

   b. Around 2008, Defendants hired Mr. Karkningprai as a delivery driver.

   c. Around January 2012, Defendants hired Mr. Khamphaeng as a delivery driver.

   d. Around 2007, Defendants hired Ms. Unsri as a server, waiting on customers.

16. Butterfly did not pay the employees *any* regular wages for their work. Rather, Butterfly paid its servers 100% of their cash tips and 89.5% of tips paid by credit card. Similarly, Butterfly paid drivers $2.00 per delivery and 100% of cash tips and 89.5% of tips paid by credit card.

17. Butterfly paid cash each night to each employee.

18. Butterfly never withheld taxes from the plaintiffs' earnings, nor provided them a W-2 or 1099.

19. In any given week, Mr. Karnkingprai worked as few as 56 hours and as many as 68 hours for Butterfly, while Mr. Khamphaeng worked as few as 36 hours and as many as 48 hours and, Mr. Arunin worked 16 hours, amd Ms. Unsri worked as few as 56 hours and as many as 68 hours.

20. Butterfly typically had two shifts, 10:30 a.m. to 4 p.m. and 4 p.m. until close. While Butterfly technically closes at 10 p.m. on weeknights and 11 p.m. on weekends, employees did not finish closing duties until 30-60 minutes later each night, and sometimes later if it was particularly busy.

4

21. Furthermore, the plaintiffs usually worked without a lunch break.

22. Moreover, during weeks when Mr. Karnkingprai, Mr. Khamphaeng, and Ms. Unsri's worked more than forty hours, they were never paid overtime wages at one and one-half times their regular rate of pay.

23. Butterfly's failure to pay plaintiffs 1 1⁄2 time their regular rate of pay for all hours worked in excess of 40 hours per week violated the Fair Labor Standards Act of 1938, as amended.

24. In or about March 2014, all four employee's employment with Butterfly ended.

25. Butterfly did not have a punch-in or punch-out system, but used the Linus system to schedule employees and employees used this system to track their tips.

26. Butterfly never provided Plaintiffs with a summary of the hours they had worked or the money they had earned.

## Count I
## Violation of the FLSA – Minimum Wages

27. Plaintiffs incorporate and re-allege paragraphs 1 through 26 as though set forth herein.

28. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiffs for all time worked which resulted in being paid less than the federally required minimum wage.

29. Plaintiffs were directed to work and, in fact, did work but were not compensated at least at the federal minimum wage rate for all time worked.

30. Plaintiffs were entitled to be compensated at least at the federal minimum wage rate pursuant to the FLSA.

31. Defendants violated the FLSA by failing to compensate Plaintiffs at least at the federal minimum wage rate for all time worked.

32. Plaintiffs are entitled to recover unpaid overtime wages for more than three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful and Defendants failed to post the statutorily required notice of employee rights.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiffs;

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the FLSA – Overtime Wages

33. Plaintiffs incorporate and re-allege paragraphs 1 through 32 as though set forth herein.

34. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiffs one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

35. Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

36. Plaintiffs were not exempt from the overtime provisions of the FLSA.

37. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

40. Butterfly was aware that the Fair Labor Standards Act of 1938, as amended, applied to it or showed reckless disregard whether or not the Fair Labor Standards Act of 1938, as amended, applied to it.

41. Butterfly willfully violated the Fair Labor Standards Act of 1938, as amended.

42. Plaintiffs are entitled to recover unpaid overtime wages for more than three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful and Defendants failed to post the statutorily required notice of employee rights.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. Order the defendant to produce all records of all hours worked by plaintiff and of all compensation received by plaintiff for the three years immediately preceding the filing of this lawsuit;

B. A judgment in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B. Liquidated damages in the amount equal to the unpaid wages;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the IMWL – Minimum Wages

43. Plaintiffs incorporate and re-allege paragraphs 1 through 42 as though set forth herein.

44. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs at least the Illinois-mandated minimum wages for all time worked in individual work weeks.

45. Plaintiffs were directed to work by Defendants and, in fact, did work but were not compensated at least at the Illinois minimum wage rate for all time worked.

46. Pursuant to 820 ILCS 105/4, Plaintiffs were entitled to be compensated at least the then applicable Illinois-mandated minimum wage rate for all time worked.

47. Defendants violated the IMWL by failing to compensate Plaintiffs at least the Illinois-mandated minimum wage rate for all time worked.

48. Plaintiffs are entitled to recover unpaid overtime wages for more than three (3) years prior to the filing of this lawsuit because Defendants' violated the IMWL and Defendants failed to post the statutorily required notice of employee rights.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all minimum wages due to Plaintiffs as provided by the IMWL;

B. Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 et seq.;

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the IMWL – Overtime Wages

49. Plaintiffs incorporate and re-allege paragraphs 1 through 48 as though set forth herein.

50. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs the overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

8

51. Plaintiffs were, at all times for which this Complaint seeks unpaid overtime, an "employee" within the definition of §3(d) of the Illinois Minimum Wage Law. 820 ILCS 105/3(d).

52. Butterfly was, at all times for which this Complaint seeks unpaid overtime, an "employer" within the definition of §3(c) of the Illinois Minimum Wage Law. 820 ILCS 105/3(c).

53. Butterfly directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

54. Plaintiffs were not exempt from the overtime provisions of the IMWL.

55. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

56. Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

57. Defendants' failure to pay Plaintiffs 1 ½ time their regular rate of pay for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the IMWL.

58. Plaintiffs are entitled to recover unpaid overtime wages for more than three (3) years prior to the filing of this lawsuit because Defendants' violated the IMWL and Defendants failed to post the statutorily required notice of employee rights.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. Order Butterfly to produce all records of all hours worked by plaintiffs and of all compensation received by plaintiffs for the three years immediately preceding the filing of this lawsuit;

B. A judgment in the amount of unpaid overtime wages for Plaintiffs as provided by the IMWL;

9

C. Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a) (2% of the amount of any such underpayment for each month following the date of payment during which such underpayment remains unpaid);

D. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12(a), and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Unjust Enrichment – Unlawful Deductions of Plaintiffs' Tip Income

59. Plaintiff incorporates and realleges paragraphs 1 through 58 as though set forth herein.

60. This Count arises from Defendants' practice of taking unlawful deductions from Plaintiffs' earned tips.

61. The deductions deprived Plaintiffs of much needed income and Defendants' retention of Plaintiffs' tip income while not paying Plaintiffs' any wages for their work violates the fundamental principles of justice, equity, and good conscience.

62. Customers left Plaintiffs tips for their services in cash or on their credit card payment to Defendants.

63. Customers entrusted those tips paid by credit card to Defendant on Plaintiffs' behalf.

64. Defendants deducted 10.5% from all tips paid through credit cards.

65. Based upon information and belief, Defendants cost for processing credit card transactions was far less than 10.5%.

66. Based upon information and belief, Defendants had no legal reason to withhold Plaintiffs' tip income.

67. Consequently, Defendants intentionally unjustly enriched themselves with the tip income entrusted to them by their clients and for Plaintiffs.

68. Plaintiffs attempted to settle this matter without litigation by demanding the following amounts more than three (3) days before filing suit:

$87,000, for Mr. Karnkingprai;
$38,250 for Mr. Khamphaeng;
$8,250 for Mr.Arunin; and
$76,250 for Ms. Unsri

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. The establishment of a constructive trust in an amount of the tip income intentionally withheld by Defendants;

B. A judgment in the amount of all withheld tip income due Plaintiffs;

B. Reasonable attorneys' fees and costs of this action as provided by the Illinois Attorney Fees in Wage Action Act; and

C. Such other and further relief as this Court deems appropriate and just.

### Jury Demand

Plaintiffs hereby respectfully demand a jury trial on all counts.

Dated: September 5, 2014

                                          Respectfully submitted,

                           By:    /s/ Antoinette Choate
                                    One of Plaintiffs' Attorneys

Antoinette Choate
ARDC # 6282652
Choate Law
150 N. Wacker, Suite 940
Chicago, IL 60606
(312) 870-5800
(312) 674-7421 (fax)

Brian Massatt
ARDC # 6297137
Law Office of Brian D. Massatt
8824 Glenshire Street
Tinley Park, Illinois 60487
(815) 686-4192